seller represented to the buyer that there would be located near said lots a hotel, a dancing pavilion, a grandstand, a public park, and a mineral spring so potent that it would restore youth, and that certain persons had recommended the purchase of these lots as a good and safe investment, and that if any purchaser was dissatisfied with the lot he had contracted for, upon seeing it, the purchase-price would be paid back and the contract cancelled. Other glowing statements of the possibilities of this property are alleged to have been made by the agent of the seller to the purchaser. It was further pleaded that the purchaser was a man 60 years old, and that, while capable of reading and writing to a limited extent, he could not do so without his glasses; that the agent told him that he was in a hurry to get away, and he signed the contract without reading all its terms. The plaintiff demurred to the plea and answer of the defendant, and the court sustained the demurrer.

It was not error for the court to sustain the demurrer to the answer and thereafter to direct a verdict for the plaintiff. The defendant was able to read, and there was no reason why he should have signed the contract so hurriedly as not to know its contents. The contract was plain, unambiguous, and certain.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

---

12445. HINES, director-general, *v.* PAYTON.

The verdict against the director-general of railroads for damages on account of the loss of freight was not unsupported by evidence; and there was no error assigned that would require a reversal of the judgment of the trial court.

DECIDED JANUARY 18, 1922. REHEARING DENIED FEBRUARY 16, 1922.

Action for damages; from city court of Albany — Judge Clayton Jones. April 12, 1921.

*Pottle & Hofmayer,* for plaintiff in error.

*Claude Payton,* contra.

LUKE, J. In this case the director-general of railroads was sued for loss of freight alleged to have been occasioned by negligence of his agents and servants in its transportation. The director-general in his answer denied liability, and set up reasons

why judgment should not be rendered against him. The jury returned a verdict in behalf of the plaintiff for an amount less than that sued for. The defendant excepted to the overruling of certain demurrers, and the overruling of a motion for new trial, alleging error in the charge of the court in stating the contentions of the defendant, and in other instructions to the jury, and that the verdict was without evidence to support it.

No harmful error is shown in the overruling of the demurrers; nor is error shown in the excerpts from the charge complained of, when the charge of the court is read in its entirety and as adjusted to the evidence adduced upon the trial. The contentions of the defendant were given as fairly and as fully as the court should have given them, without specific request for more particular instructions upon such contentions. Upon a careful examination of the contract of shipment, together with the itemized list and description of the property shipped, and the rest of the evidence, this court cannot say that the evidence did not authorize the verdict. The verdict has the approval of the trial judge, and for no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

---

### 12523.   MORRIS *v.* BATTEY.

Estoppel of the landlord to set up invalidity of the lease, which was signed by his agents under seal when no authority under seal had been given to them, resulted from his acceptance of the rent for the term of the lease.

The judge of the superior court did not err in overruling the certiorari.

DECIDED JANUARY 18, 1922.

Certiorari; from Fulton superior court — Judge George L. Bell. March 23, 1921.

E. S. Morris, the owner of an apartment house, sued out a warrant to dispossess H. I. Battey, alleged to be a tenant holding over. Battey filed a counter-affidavit. Upon the trial it was shown that the owner gave parol authority to a firm of real-estate agents to rent apartments in the house, and that the agents rented one of the apartments to Battey, entering into a contract under seal with